```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

MICHELLE E. JONES,

      Plaintiff,

v.

CIVIL CASE NO.
1:12-cv-03660-JEC

THE CITY OF MANNING and JAMES C. WELSH, *as Police Officer Bdg. No. 70, being sued individually and in his official capacity as an employee of The City of Manning*,

      Defendants.

## ORDER & OPINION

This case is before the Court on defendants' Motion for Judgment on the Pleadings [14] and Motion to Stay Discovery [15]. Also before the court are plaintiff's Motion for Extension of Time to Respond [17] and Motion for Summary Judgment [20]. The Court has reviewed the record and the arguments of the parties and, for the following reasons, concludes that defendants' Motion for Judgment on the Pleadings [14] should be **GRANTED** and that defendants' Motion to Stay [15], plaintiff's Motion for Extension of Time [17], and plaintiff's Motion for Summary Judgment [20] should be **DENIED AS MOOT**.

## BACKGROUND

This case arises from alleged violations of plaintiff's Constitutional rights. Plaintiff, who proceeds *pro se in forma*

*pauperis*, filed a Complaint [3] on October 24, 2012 alleging that James C. Welsh, whom the City of Manning employs as a police officer, "willfully caused [her] a damage and physical injury" in violation of the Fourth, Fifth, Sixth or Seventh, Eighth, Ninth, and Fourteenth Amendments to the Constitution.  (Compl. [3] at 2.)  The City of Manning, plaintiff claims, is liable for Welsh's actions under a theory of *respondeat superior*.  (*Id.* at ¶ 28.)

Other than plaintiff's general statements that Welsh violated her rights by wrongfully arresting, questioning, and detaining her, plaintiff does not provide a narrative of the circumstances giving rise to her suit.  In response to the lack of factual specificity,[1] defendants filed a Motion for Judgment on the Pleadings [14] on September 23, 2013.  They filed their Motion to Stay [15] the same day.  Plaintiff moved the Court for an extension of time to respond to defendants' motions [17], but subsequently failed to file any response, later submitting an equally scanty motion for summary judgment instead [20].

---

[1] Defendants also argued that plaintiff had failed to set out the facts establishing federal jurisdiction. The plaintiff, however, indicated that she was proceeding under various federal civil rights statutes, including 42 U.S.C. § 1983. It does appear unlikely that venue is proper in the Northern District of Georgia, as defendant City of Manning is in South Carolina and defendant Welsh is an officer employed by that municipality. Nevertheless, defendants have not moved to dismiss on the ground of improper venue.

2

AO 72A
(Rev.8/82)

## **DISCUSSION**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). It "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When the plaintiff provides enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the complaint is "plausible on its face." *Id.* at 678. However, "[l]egal conclusion[s] couched as [] factual allegation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice", and are ignored by the Court. *Id.* at 677-81. Indeed, the "plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of [the] cause of action will not do." *Twombly*, 550 U.S. at 555.[2]

---

[2] Defendants' Motion for Judgment on the Pleadings [14] is essentially a Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion must be filed *before* a responsive pleading, whereas a Rule 12(c) motion may be filed after. Why defendants answered [11] plaintiff's complaint and filed a Rule 12(c) motion rather than initially filing a Rule 12(b)(6) motion is unclear, but ultimately

AO 72A
(Rev.8/82)

While "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are, therefore,] liberally construed", *pro se* litigants must still conform to procedural rules, including threshold pleading requirements. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)(quoting *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)(per curiam)(quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). "Even though a *pro se* complaint should be construed liberally, [it] still must state a claim upon which the Court can grant relief." *Grigsby v. Thomas*, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

Here, plaintiff's complaint is utterly devoid of any factual specifics, containing instead bare, conclusory allegations of wrongdoing by defendants. (*See* Compl. [3] at 2, ¶¶ 22, 26-27.) Plaintiff neglects to describe the circumstances surrounding her interaction with Welsh, what wrongful conduct he allegedly committed, what actors were involved, or even a specific cause of action (besides the *respondeat superior* allegation asserted against the City

---

immaterial: a Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) (O'Kelley, J.).

4

of Manning). (*See id.* at ¶ 19 ("YOUR AFFIDAVIT OF FACTS HERE . . . PROPERLY NUMBERED.").) A vague allusion to a term of imprisonment notwithstanding, plaintiff does not provide sufficient detail or factual information to support her allegations against defendants. (*See id.* at ¶ 27.) Plaintiff's complaint thus fails to "give the defendant[s] fair notice of what [her] claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)("In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.") and *Simpson v. Zwinge*, 531 Fed. App'x 985 (11th Cir. 2013)(per curiam)(affirming grant of motion to dismiss *pro se* complaint for failure to allege sufficient factual information).

Further, defendants' Motion for Judgment on the Pleadings [14] clearly sets forth the reasons why plaintiff's Complaint [3] is greatly deficient, yet plaintiff not only failed to take steps to correct her pleading, but has also failed to proffer any opposition whatsoever to defendants' Motion. *See* LR 7.1(B), NDGa. For this and the reasons outlined above, the Court **GRANTS** defendants' Motion for Judgment on the Pleadings [14]. As a consequence, defendants' Motion

5

to Stay [15], plaintiff's Motion for Extension of Time [17], and plaintiff's Motion for Summary Judgment [20] are **DENIED AS MOOT.**

Albeit plaintiff has shown no interest in prosecuting this action, as she has not responded to defendants' motion nor has she attempted to amend her complaint, given her *pro se status*, the Court will consider a motion to reconsider filed by her, but only if that motion is accompanied by a complaint that addresses the deficiencies in her complaint set out in defendants' motion for judgement on the pleadings.  Any such motion must be filed by **MARCH 26, 2014.**

## CONCLUSION

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings [14] is **GRANTED**, defendants' Motion to Stay [15] is **DENIED AS MOOT**, plaintiff's Motion for Extension of Time to Respond [17] is **DENIED AS MOOT**, and plaintiff's Motion for Summary Judgment [20] is **DENIED AS MOOT.**

SO ORDERED, this 12th day of March, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6